WARNER, J.
D.B., a 16-year-old juvenile in delinquency proceedings in Broward County, seeks a writ of prohibition to prevent the trial court from exercising any further jurisdiction over a 2009 pending delinquency ease because of D.B.’s continuing incompetency. Based upon the rules and statutory provisions, dismissal is mandatory. The state concedes that dismissal is warranted. We therefore grant the writ.
After a petition for delinquency of D.B. was filed, he was declared incompetent on May 11, 2010. More than three years have passed, and, according to all the experts, the child remains incompetent.
Florida Rule of Juvenile Procedure 8.095(a)(7) provides:
(7) Continuing Jurisdiction and Dismissal of Jurisdiction.
(A) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition or petition alleging violation of juvenile probation.
(B) If, at the end of the 2^year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition.
(Emphasis supplied). Section 985.19(5), Florida Statutes (2012), provides:
(5)(a) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency.
[[Image here]]
(c) If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition. If, at the end of the 2-^year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition. If appropriate, the court may order that proceedings under chapter 393 or chapter 394 be instituted. Such proceedings must be instituted not less than 60 days *73 prior to the dismissal of the delinquency petition.
(Emphasis supplied). The provisions of the statute at issue are self-executing. The statute places the duty on the court to conduct the review hearings and to dismiss the charges if the defendant has not been restored to competency within two years, and there is no evidence that the child will attain competency within the following year. Thus, after three years, the court must dismiss the proceedings if the child has not achieved competency.
The statutory requirements exist to protect the juvenile’s due process right not to be tried while incompetent. The legislature has placed jurisdictional time limits on how long a court may retain jurisdiction over an incompetent juvenile. In this case, the trial court was presented with evidence that the child remained incompetent after three years. Therefore, the court was required to dismiss the proceedings.

Petition granted with directions to dismiss the delinquency petition.

DAMOORGIAN, C.J., and FORST, J., concur.